**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

KARL R. FREUDENBERGER,

    Petitioner,

v.                                    CASE NO:  8:11-cv-2351-T-23EAJ

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

**O R D E R**

**THIS CAUSE** comes before the Court on a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Karl R. Freudenberger ("Freudenberger"), a Florida state prisoner.  (Dkt. 1.)  Respondent filed a response to the petition along with the record of Freudenberger's state court proceedings.  (Dkts. 5,7.)  The Court, having carefully considered the parties' submissions, finds that the petition is due to be denied.

**Procedural History**

Freudenberger challenges a judgment of conviction and sentence arising out of the Thirteenth Judicial Circuit Court in Hillsborough County, Florida.  He was tried and found guilty of second degree arson, burglary of a structure, and criminal mischief to a place of worship.  (See Dkt. 7, Exs. 1A-1B, pp. 1-250.)  On September 20, 2004,

Freudenberger was sentenced to 30 years in prison. (See Dkt. 7, Ex. 1B, pp. 248-249.) He pursued a direct appeal in Florida's Second District Court of Appeal where he raised the following issues:

> 1. The trial court erred in denying Freudenberger's request for an instruction on insanity because there was evidence to support the instruction; and
>
> 2. The trial court erred in enhancing the degrees of the offenses in counts one and three. The bias enhancer in section 775.085 cannot be applied because: 1) the information failed to properly allege the enhancer and 2) the jury did not make proper findings of fact.

(See Initial Brief, Dkt. 7, Ex. 2.) The court affirmed as to Claim 1 and reversed as to Claim 2. (See Second District Opinion, Dkt. 7, Ex. 2.) The court found that the jury did not make specific findings of fact to support the enhanced sentences and reversed the sentences on the arson and burglary convictions. (See id.) The court remanded Freudenberger's case to the trial court for resentencing in an opinion dated October 27, 2006. (Id.) Freudenberger was resentenced by the trial court on January 31, 2007. (See id.) He did not appeal the resentencing.

Freudenberger filed a motion for post-conviction relief, pursuant to Florida Rule of Criminal Procedure 3.850, in the trial court on March 14, 2007. In his motion, he raised the following issues:

> 1. Trial counsel was ineffective for failing to file a motion to suppress Freudenberger's inculpatory statement to law enforcement;
>
> 2. Trial counsel was ineffective for failing to present an alibi witness;

    3. Trial counsel failed to preserve the issues of insufficient and inadmissible evidence for review by refusing to object to Freudenberger's statement being introduced during trial. The statement was the sole incriminating evidence against him in this cause; and

    4. Trial counsel failed to object to the verdict form which has the defendant charged and convicted of nonexistent crimes on two out of the three counts.

(See Dkt. 7, Ex. 3B, pp. 17-23.) The trial court summarily denied relief as to Claim 2 on grounds that it was legally insufficient, as to claim 3 on finding that it was conclusory, and as to claim 4 on grounds that Freudenberger failed to allege that he was prejudiced. (See id. at 28-33.) Freudenberger then filed an amended 3.850 motion wherein he restated claims 2 and 4. (See id. at 48-79.) The trial court summarily denied relief as to Claim 4 and ordered an evidentiary hearing as to Claims 1 and 2. (See Dkt. 7, Ex. 3C, pp. 268-271, 283-286.) The trial court took testimony at the hearing and ultimately denied all claims. (See id. at 303-306.)

    On January 13, 2010, Freudenberger sought review of the trial court's ruling in Florida's Second District Court of Appeal and raised the following claims:

    1. The trial court erred in denying Freudenberger's claim regarding trial counsel's failure to move to suppress Freudenberger's statement;

    2. The trial court erred in denying Freudenberger's claim regarding trial counsel's failure to produce an alibi witness;

    3. The trial court erred in summarily denying Freudenberger's third ground for relief without leaving room to amend as to what statement was the sole inculpatory evidence against Freudenberger.

(See Initial Brief, Dkt. 7, Ex. 3A.) The Second District Court of Appeal affirmed the trial court's ruling *per curiam* on December 3, 2010. (See Second District Opinion, Dkt. 7, Ex. 3A.)

### Federal Petition

Freudenberger timely filed his federal habeas petition on October 12, 2011. His petition contains the following grounds for relief that mirror Claims 1 through 3 of his Rule 3.850 motion:

> 1. Trial counsel was ineffective for failing to move to suppress Freudenberger's inculpatory statement to law enforcement;
>
> 2. Trial counsel was ineffective for failing to present an alibi witness; and
>
> 3. Trial counsel was ineffective for failing to object to the admissibility of Freudenberger's statement during trial.

### 28 U.S.C. § 2254

28 U.S.C. § 2254(a) explicitly requires a federal court to entertain an application for writ of habeas corpus only on the ground that the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." Federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension. Wainwright v. Goode, 464 U.S. 78 (1983) (citing Engle v. Isaac, 457 U.S. 1141 (1982); Smith v. Phillips, 455 U.S. 209 (1982). The writ of habeas corpus, 28 U.S.C. § 2254, was not enacted to enforce state-created rights. Cabberiza v. Moore, 217 F.3d 1329, 1333 (11th Cir. 2000). Even when a petition which actually involves state law issues is "couched in terms of equal protection and due process," this limitation on federal habeas

corpus review is of equal force. Willeford v. Estelle, 538 F.2d 1194, 1196-98 (5th Cir. 1976).

## The AEDPA Standard

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA"). Section 104 of the AEDPA amended 28 U.S.C. § 2254 by adding the following provision:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Section 2254, as amended by the AEDPA, establishes a highly deferential standard for reviewing state court judgments. Parker v. Secretary, Dep't of Corr., 331 F.3d 764 (11th Cir. 2003) (citing Robinson v. Moore, 300 F.3d 1320, 1342 (11th Cir. 2002)). Freudenberger filed his petition for writ of habeas corpus after the AEDPA's enactment and section 104 applies to his petition.

Review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. Section 2254(d)(1) refers, in the past tense, to a state court adjudication that "resulted in" a decision that was contrary to, or "involved" an

unreasonable application of, established law.  This language requires an examination of the state court decision at the time it was made.  It follows that the record under review is limited to the record in existence at that same time, *i.e.*, the record before the state court.  Cullen v. Pinholster, 131 S.Ct. 1388, 1398–1401 (2011).  In addition, § 2254(e)(1) "provides for a highly deferential standard of review for factual determinations made by a state court."  Robinson, 300 F.3d at 1342.  The federal court will presume the correctness of state court findings of fact, unless the petitioner is able to rebut that presumption by clear and convincing evidence.  See 28 U.S.C. § 2254(e)(1).  When measured against the AEDPA standard, it is clear that Freudenberger's petition is due to be denied.

## Discussion

### Ground 1

The trial court afforded Freudenberger an evidentiary hearing on the claim that his attorney was ineffective for failing to move to suppress the confession he gave to law enforcement.  Freudenberger maintains that his attorney should have moved to suppress his statement because his request for counsel was denied before and during the questioning by law enforcement.  The trial court heard testimony from counsel as well as Freudenberger himself, and ultimately concluded that Freudenberger did not inform his attorney that he had requested counsel during the police interview and, thus, counsel was unaware of any valid ground on which a motion to suppress might have been based.  (See Dkt. 7, Ex. 3C, p. 305.)  The trial court's conclusions are based on its evaluation of the relative credibility of the witnesses, including trial counsel's affirmative testimony that

Freudenberger never told her that he had requested counsel while he was being interviewed by law enforcement. (See id. at 315.) Therefore, the trial court's findings are supported by competent, substantial evidence which is found in the record on appeal.

As Respondent asserts, the trial court's factual findings, including the credibility findings, are presumed to be correct unless Freudenberger rebuts the presumption by clear and convincing evidence. Rolling v. Crosby, 438 F.3d 1296 (11th Cir. 2006). The trial court credited trial counsel's testimony, and Freudenberger fails to present clear and convincing evidence that the state court was incorrect. In order to prevail on a claim of ineffective assistance of counsel, Freudenberger must allege with specificity that his attorney was deficient in his representation and once this is shown, Freudenberger must show that the deficiency was sufficiently damaging as to cause prejudice. Strickland v. Washington, 466 U.S. 668 (1984). Freudenberger's claim of error fails because his arguments do not establish either deficient representation on the part of counsel or prejudice to Freudenberger's case.

Counsel's testimony at the evidentiary hearing revealed that Freudenberger never gave her any legal reason to pursue a motion to suppress his confession. The trial court, therefore, properly concluded that counsel was not ineffective for failing to pursue such a motion. While Freudenberger's testimony conflicted with that of his attorney, the trial court found that Freudenberger's testimony lacked credibility. The trial court's credibility determinations are entitled to substantial deference on review. Rice v. Collins, 546 U.S. 333 (2006). Ineffectiveness of counsel is shown only where the actions by

Freudenberger's defense attorney were such that no reasonable attorney would have done the same. Chandler v. United States, 218 F. 3d 1305 (11th Cir. 2000). The trial court found that counsel's representation was within the range of competence, and Freudenberger fails to demonstrate that the trial court's ruling is erroneous.

### Ground 2

Freudenberger was also afforded an evidentiary hearing on his claim that counsel was ineffective for failing to present an alibi witness. After hearing the witness testimony, the court ultimately concluded that no relief was warranted because, according to counsel, Freudenberger not only did not tell her about the availability of an alibi witness, he affirmatively told her that there were no witnesses who could assist him at his trial, other than his mother. (See Dkt. 7, Ex. 3C, p. 316.) As with Ground 1, Freudenberger's testimony in the trial court conflicted with that of his attorney in that he asserted that he told her that there was a witness who saw him at "Tom's Billiards" and who could have provided an alibi. (See id. at 328.) However, the trial court determined that Freudenberger lacked credibility and rejected his testimony. The trial court's denial of relief as to this claim is supported by competent, substantial evidence. Freudenberger's claim that he is entitled to habeas relief must, therefore, be rejected for failure to demonstrate that the trial court's ruling is erroneous.

### Ground 3

The trial court summarily rejected as conclusory Freudenberger's claim that trial counsel was ineffective for failing to object to Freudenberger's statement as inadmissible.

-8-

(Dkt. 7, Ex. 2, p. 031.) His specific claim before the trial court was that counsel, by not objecting during trial, failed to preserve for review "the issues of insufficient and insubmissible evidence," and, more specifically, failed to object to the use of Freudenberger's statement at trial. (Id. at 020.) On appeal, Freudenberger did not argue the merits of his argument before the trial court, but instead asked the Second District for relief because the trial court's denial of this claim improperly failed to allow Freudenberger the option of amending his claim pursuant to Florida law. The appellate court rejected Freudenberger's request for relief. Thus, the claims advanced in the instant petition have not been exhausted in the state court. While it is possible to view Freudenberger's argument on appeal as containing elements of some of the claims advanced in the instant petition, Freudenberger has nevertheless failed to exhaust his state remedies as to this claim. This is because he has not fairly presented the instant claims in state court. Picard v. Connor, 404 U.S. 270 (1971). To satisfy the exhaustion requirement pursuant to 28 U.S.C. § 2254(b)(1), the prisoner must fairly present his claim in each appropriate state court to alert that court to the claim's federal nature. See Baldwin v. Reese, 541 U.S. 27, 30 (2004). Freudenberger's failure to timely advance this claim at the state level deprived the state courts of a "full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

The present claims, because they were not presented in Freudenberger's direct appeal, are procedurally defaulted at the state level. Accordingly, he must demonstrate

cause for the default and actual prejudice, or demonstrate that the constitutional violation has probably resulted in conviction of an innocent person.  Coleman v. Thompson, 501 U.S. 722 (1991).  The claims advanced in Freudenberger's petition could have been advanced in his direct appeal.  The Court concludes, after review of the record, that there is no valid basis on which Freudenberger can rely to overcome the default of his claim.

Nevertheless, Freudenberger's claim would fare no better after a merits analysis. The claim is essentially identical to the claim advanced in Ground 1, in which Freudenberger asserted that counsel was ineffective for failing to attack the validity of his confession to police.  Because trial counsel affirmatively testified that she had no legal basis for seeking to suppress Freudenberger's statement, she also could not be deemed ineffective for failing to object to the use of said confession in his trial.  Both arguments arise out of Freudenberger's assertion that his confession was improperly elicited because law enforcement failed to honor his request for counsel.  As the trial court affirmatively rejected that claim because it was unfounded, clearly counsel cannot be faulted for failing to object where there are not legitimate legal grounds for doing so.

## **CONCLUSION**

1.  The petition for writ of habeas corpus is denied.  The Clerk is directed to enter judgment in favor of Respondent and close this case.

2.  The Court declines to issue a certificate of appealability because Freudenberger has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). Nor will this Court authorize Freudenberger to proceed on

appeal *in forma pauperis* because such an appeal would not be taken in good faith.  <u>See</u> 28 U.S.C. § 1915(a)(3).

ORDERED in Tampa, Florida, on September 25, 2012.

*Steven D. Merryday*
_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO:**
*Pro se* Petitioner
Counsel of Record